# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA NIEPERT and MICHELLE WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 17-cv-00345-JPG |
| JEFF BROWN, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Proceeding *pro se*, Plaintiffs Lisa Niepert and/or Michelle Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Sheriff of Bond County, Illinois, in order to challenge the conditions of their confinement at Bond County Jail in Greenville, Illinois. The Complaint (Doc. 1) presents several immediate concerns. Plaintiffs must address these problems before the Court can screen this matter pursuant to 28 U.S.C. § 1915A.

This is not the first case that Plaintiffs Niepert and Williams have filed in this District to complain about the conditions of confinement at Bond County Jail. They were two of eight detainees at the Jail who filed a similar case earlier this year. *Smith v. Brown*, No. 17-cv-00006-JPG (S.D. Ill. Jan. 6, 2017). Although Plaintiffs Niepert and Williams asked to proceed together in group litigation, this Court found that their claims were improperly joined and severed each Plaintiff's claims into two new cases on March 20, 2017. *Niepert v. Brown*, No. 17-cv-00288-JPG (S.D. Ill. Mar. 20, 2017); *Williams v. Brown*, No. 17-cv-00289-JPG (S.D. Ill. Mar. 20, 2017). The Court ordered each Plaintiff to file a "First Amended Complaint" in her newly severed case on or before April 14, 2017. To date, neither Plaintiff has done so.

1

Instead, the Court received the instant Complaint. (Doc. 1). Both Plaintiffs are listed as parties in the case caption. No case number is mentioned, and the document is not identified as a "First Amended Complaint." Therefore, a new case was opened. But before this Court can screen the Complaint, Plaintiffs must respond to the following Orders, all aimed at clarifying whether they intended to open a new case or not.

First, Plaintiffs are **ORDERED** to confirm their intention to file a new case on or before **May 5, 2017**. Each plaintiff must do so in writing. Timely written confirmation to this effect will result in the imposition of a filing fee for this action, the screening of this case under 28 U.S.C. § 1915A, and the potential assessment of a "strike" under 28 U.S.C. § 1915(g).

Second, Plaintiffs are alternatively **ORDERED** to confirm their intention to file the Complaint (Doc. 1) as the "First Amended Complaint" in each Plaintiff's respective severed case on or before **May 5, 2017**. Timely written notification to this effect will relieve that individual of any obligation to pay a filing fee for this action, which will be administratively closed.

Third, should they wish to proceed any further with this action, Plaintiffs are **ORDERED** to file a "First Amended Complaint" in this case that includes a request for relief on or before **May 5, 2017**. *See* FED. R. CIV. P. 8(a)(3). In a civil rights action filed pursuant to 42 U.S.C. § 1983, the request for relief typically includes a request for monetary damages and/or injunctive relief. The Complaint includes neither. (Doc. 1, p. 6).

Fourth, Plaintiffs are **ORDERED** to each sign all group documents that are filed with the Court, including the "First Amended Complaint." *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiff Niepert was the only plaintiff to sign the Complaint. (Doc. 1, p. 6). Williams is listed as a co-plaintiff but did not sign it. As long as

Plaintiffs appear without counsel in this action, each must sign documents for herself. *See id*.[1] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a), *including the Complaint and/or First Amended Complaint*.

Finally, Plaintiffs are *each* **ORDERED** to prepay the full filing fee of $400.00 for this action or to file a properly completed Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") on or before **May 5, 2017**. If a Plaintiff files an IFP Motion, the Court must review that individual's trust fund account statement for the 6-month period immediately preceding the filing of this action. Thus, she must have the Trust Fund Officer at her facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 10/1/2016 to 4/5/17. (*See* Doc. 2). This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. *Id*. The Clerk has already provided Plaintiffs with a copy of the form IFP Motion, along with Doc. 2, and will not need to send another form at this time.

Failure to comply with this Order will result in the striking of the Complaint and/or the dismissal of this action for failure to comply with a court order and/or for failure to prosecute her claims. *See* FED. R. CIV. P. 41(b). To enable Plaintiffs to comply with this Order, the **CLERK** is **DIRECTED** to return a copy of the Complaint (Doc. 1) to both Plaintiffs along with this Order and a blank civil rights complaint form.

Plaintiffs are further **ADVISED** that each is under a continuing obligation to keep the

---

[1] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 12, 2017**

    *s/ J. Phil Gilbert*
    **District Judge**
    **United States District Court**