# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA NIEPERT and MICHELLE WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 17-cv-00345-JPG ) |
| JEFF BROWN, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The instant case was opened when Plaintiffs Lisa Niepert and Michelle Williams filed a Complaint in this District on April 5, 2017. (Doc. 1). Plaintiffs challenged the conditions of their confinement at Bond County Jail in Greenville, Illinois. *Id*. However, the Complaint included no request for relief and no signature for Michelle Williams. (Doc. 1, p. 6).

In addition, both plaintiffs were already parties in one or more other pending civil rights actions in this District. It was therefore unclear whether they intended to bring this separate action or merely intended to file Document 1 as an amended complaint in another case. Until these preliminary matters were addressed, the Court could not screen the Complaint pursuant to 28 U.S.C. § 1915A.

On April 12, 2017, this Court entered an Order requiring Plaintiffs to notify the Court in writing of their intentions to proceed together in this new case. (Doc. 3). If so, they were further ordered to file a First Amended Complaint that included both Plaintiffs' signatures and a request for relief. *Id*. Finally, they were ordered to each prepay the $400.00 filing fee for this new

action or submit a properly completed Motion for Leave to Proceed *in forma pauperis*. *Id*. The deadline for responding to these orders was May 5, 2017. *Id*.

The Court explicitly warned Plaintiffs that failure to comply with these orders by the deadline would result in dismissal of this action with prejudice for failure to comply with a court order and for failure to prosecute their claims. (Doc. 3, p. 3) (citing FED. R. CIV. P. 41(b)). The Court also advised Plaintiffs of their continuing obligation to keep the Clerk of Court and each opposing party informed of any address changes by notifying the Court in writing within 7 days after a transfer or other change in address occurred. (Doc. 3, pp. 3-4). Failure to provide the Court with an updated address was listed as grounds for dismissal of the action for want of prosecution. (Doc. 3, p. 4) (citing FED. R. CIV. P. 41(b)).

Both Plaintiffs missed the deadline for responding to the Order dated April 12, 2017. (Doc. 3). Plaintiff Niepert's copy of the Order was returned undeliverable on April 25, 2017. (Doc. 4). Plaintiff Williams never responded to it. A week has now passed since the deadline expired. The Court has received no communication from either Plaintiff, including a request for an extension of the deadline. The Court will not allow this matter to linger.

Consistent with the Court's prior warning, this action shall be dismissed with prejudice for failure to comply with the Court's Order dated April 12, 2017 (Doc. 3) and for want of prosecution. Because Plaintiff Niepert is the only Plaintiff who signed the Complaint or otherwise demonstrated any involvement in this matter, the Court considers her to be the only Plaintiff involved in this action. Plaintiff Niepert remains obligated to pay the full filing fee for this action. Michelle Williams shall be terminated as a party, and her obligation to pay the filing fee for this action shall be waived.

**Disposition**

The Clerk is **DIRECTED** to **TERMINATE** Michelle Williams as a Plaintiff in CM/ECF. Michelle Williams' obligation to pay the filing fee for this action is **WAIVED**.

**IT IS HEREBY ORDERED** that the Complaint and this action are **DISMISSED** with prejudice because Plaintiff Niepert failed to comply with this Court's Order (Doc. 3) dated April 12, 2017, and also failed to prosecute her claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal does not count as one of Plaintiff Lisa Niepert's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff Niepert's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of Plaintiff Niepert is directed to remit the $400.00 filing fee from her prison trust fund account if such funds are available. If she does not have $400.00 in her account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff Niepert's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff Niepert shall forward payments from Plaintiff Niepert's account to the Clerk of Court each time Plaintiff Niepert's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box

249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Bond County Jail *upon entry of this Order*.

If Plaintiff Niepert wishes to appeal this Order, she may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 17, 2017**

*s/J. Phil Gilbert*
**United States District Judge**
